[Docket No. 54]
**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| YOUNES, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>7-ELEVEN, INC.,<br><br>　　　　Defendant. | Civil No. 13-3500 RMB/JS<br><br>**MEMORANDUM ORDER** |
| NAIK, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>7-ELEVEN, INC.,<br><br>　　　　Defendant. | Civil No. 13-4578 RMB/JS |
| 7-ELEVEN, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SODHI, et al.,<br><br>　　　　Defendants. | Civil No. 13-3715 MAS/DEA |

　　THIS MATTER comes before the Court upon 7-Eleven, Inc.'s ("7-Eleven") Motion for Reconsideration [Civil Action No. 13-

3500, Docket No. 54], of this Court's Order [Civil Action No. 13-3715, Docket No. 87], denying 7-Eleven's request to consolidate 7-Eleven, Inc., v. Sodhi et al., Civil Action No. 13-3715 (the "Sodhi Action") with the already consolidated Younes and Naik matters, Civil Action Nos. 13-3500 and 13-4578, respectively (the "Consolidated Action").[1]

In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration. Bowers v. Nat'l. Collegiate Athletics Ass'n, 130 F. Supp. 2d 610, 612 (D.N.J. 2001). The "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) (internal citation omitted). Reconsideration is to be granted only sparingly. United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994). Third Circuit jurisprudence dictates that a Rule 7.1(i) motion may be granted only if: (1) there has been an intervening change in the controlling law; (2) evidence not available when the Court issued the subject order has become available; or (3) it is necessary to correct a clear error of law or fact to prevent manifest injustice. Max's Seafood Café v.

---

[1] These matters were previously consolidated for case management and discovery purposes only.

Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

A review of 7-Eleven's motion reveals that reconsideration is warranted in this matter as there is new evidence in favor of consolidation that was not available when this Court issued its prior decision.  For example, Judge Shipp has since denied the motions that were previously pending in the Sodhi Action and the parties have subsequently submitted a proposed case management order in Sodhi with deadlines similar to the Consolidated Action.

Federal Rule of Civil Procedure 42(a) provides that when actions involving a common question of law or fact are pending before the court, the court may consolidate the actions or issue any order to avoid unnecessary cost or delay.  Fed. R. Civ. P. 42(a).  In exercising its discretion to consolidate matters, a court should weigh the interests of judicial economy against the potential for delays, expense, confusion, or prejudice.  The Court has considered these factors and finds, based on the current posture of all three above-captioned matters, that consolidation is appropriate for case management and discovery purposes only before the Honorable Joel Schneider.

ACCORDINGLY, IT IS on this **14th** day of **February 2014**,

**ORDERED** that 7-Eleven's Motion for Reconsideration is **GRANTED**; and it is further

**ORDERED** that the Sodhi Action is hereby consolidated with the Younes and Naik Actions **for discovery and case management purposes only** in front of the Honorable Joel Schneider.

s/Renée Marie Bumb
RENEE MARIE BUMB
United States District Judge
