[C.A. 13-3715, Doc. No. 454]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SAM YOUNES, et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>7-ELEVEN, INC.,<br><br>        Defendant. | Civil No. 13-3500 (RMB/JS) |
| 7-ELEVEN,<br><br>        Plaintiff,<br><br>  v.<br><br>KARAMJEET SODHI, et al.,<br><br>        Defendants. | Civil No. 13-3715 (MAS/JS) |
| NEIL NAIK, et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>7-ELEVEN, INC.,<br><br>        Defendant. | Civil No. 13-4578 (RMB/JS) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on 7-Eleven, Inc.'s "Motion to Extend Close of Fact Discovery for the Limited Purposes of

1

Concluding Depositions of the Franchisees' Fact Witnesses." [Doc. No. 454]. 7-Eleven seeks an extension of time until August 31, 2015, to complete depositions of five (5) witnesses. The Court heard oral argument on July 17, 2015. This Order confirms the ruling made on the record on July 17, 2015. For the reasons to be discussed, 7-Eleven's motion is DENIED.[1]

After exhaustive efforts the fact discovery phase of the case is finally coming to a close. What is apparent from the tortured discovery phase of the case is that the case is a prime example of how litigation should not be conducted. The parties have been unable to agree on simple issues, and the Court has been plagued by incessant discovery disputes, many of which have been trivial. If the parties had timely and appropriately responded to each other's discovery requests, fact discovery would have been completed long ago. Further, the parties would have saved themselves (and the Court) untold hours of unnecessary work. While the Court and counsel wasted their time on unnecessary disputes, the parties were hurt in their pocketbook. It is unfortunately the case that the parties likely had to spend tens of thousands of unnecessary dollars, and probably in excess of six figures, on discovery disputes that could have and should have been easily resolved if the parties had exercised a modicum of cooperation. Now, after spending

---

[1] Although 7-Eleven only filed its motion in the Sodhi case (C.A. No. 13-3715), the motion undoubtedly also pertains to Younes (C.A. 13-3500) and Naik (C.A. 13-4578).

approximately seventeen (17) months in intensive discovery, 7-Eleven wants more time to complete depositions. The request is emphatically denied.

Background

By way of brief background, 7-Eleven filed its Naik complaint on June 14, 2013, and an amended complaint on June 26, 2013. The early stage of this case involved 7-Eleven's request for a preliminary injunction and Sodhi's request for a temporary restraining order. At 7-Eleven's request and over Sodhi's objection, on February 14, 2014 this action (Sodhi) was consolidated with two other cases (C.A. Nos. 13-3500 and 13-4578) raising similar issues. [Doc. No. 93]. In short, 7-Eleven alleges the Sodhi defendants breached their franchise agreements. Sodhi filed a counterclaim alleging 7-Eleven violated the New Jersey Franchise Practices Act, N.J.S.A. 56:10-1, et seq.

On February 18, 2014 [Doc. No. 95] the Court entered the first of a series of scheduling orders addressing discovery. Since that time, the parties have been conducting exhaustive discovery for 17 months. During this time the Court was unfortunately compelled to address and decide incessant discovery disputes. The docket entries reflect that on at least twenty-eight (28) separate occasions from May 27, 2014 to July 17, 2015, the Court held in-person conferences or calls with the

parties to address their disputes. Since the start of discovery the parties regularly squabbled about deposition dates and locations. On September 15, 2014, and to assist the parties to resolve scheduling disputes which most counsel are able to resolve without Court intervention, the Court Ordered the parties to identify all fact depositions they intended to take. See July 31, 2014 Order at ¶4, Doc. No. 144. The Court's efforts to assist the parties were unsuccessful as regular scheduling squabbles continued. On March 17, 2015, the Court set a May 29, 2015 fact discovery deadline.  See Doc. No. 290. The deadline was later extended to June 30, 2015 (see Doc. No. 354) and then to July 31, 2015. On June 16, 2015, the Court made it unequivocally clear that fact discovery would end on July 31, 2015, and no further extensions would be granted. See Transcript of June 16, 2015 at 16:10-13; 57:23-58:1, Doc. No. 438. Now, even after multiple extensions of time and fair warning from the Court that fact discovery would end on July 31, 2015, 7-Eleven wants another extension.

Discussion

   Pursuant to Fed. R. Civ. P. 16(b)(4), a scheduling order may be modified only upon a showing of "good cause." One way the moving party can establish good cause is to demonstrate that it cannot reasonably meet the court's deadlines despite its diligence. Koplove v. Ford Motor Co., 795 F.2d 15, 18 (3d Cir.

4

1986); Spring Creek Holding Co. v. Keith, C.A. 02-cv-376 (JLL), 2006 WL 2403958, at *3 (D.N.J. Aug. 18, 2006). The "good cause" standard is not a low threshold. J.G. v. C.M., C.A. No. 11-2887 (WJM), 2014 WL 1652793, at *1 (D.N.J. April 23, 2014). The moving party has the burden of demonstrating that despite its diligence it could not reasonably have met the Scheduling Order deadline. Hutchins v. United Parcel Service, Inc., C.A. 01-1462, 2005 WL 1793695, at *3 (D.N.J. July 26, 2005). Extensions of time without good cause would deprive courts of the ability to effectively manage cases on their overcrowded dockets and would severely impair the utility of Scheduling Orders. Koplove, 795 F.2d at 18. Further, as stated in Dag Enterprises, Inc. v. Exxon Mobil Corp., 226 F.R.D. 95, 104 (D.D.C. 2005)(citations and quotations omitted):

> A Scheduling Order is intended to serve as the unalterable road map (absent good cause) for the remainder of the case. A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. Indeed, [d]isregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of litigation, and reward the indolent and the cavalier.

Frankly, the Court is at a loss to understand why more than 2 years into the case, and after 17 months of intensive discovery, 7-Eleven still has not completed its depositions. As noted in Nestle Foods Corp. v. Aetna Cas. & Sur. Co., C.A. No. 89-1701 (CSF), 1992 WL 183712, at *2 (D.N.J. July 20,

1982)(citation and quotation omitted), "a Magistrate Judge's Scheduling Order is not a frivolous piece of paper idly entered, which can be cavalierly disregarded by counsel without peril." Another decision expressing essentially the same point is Globespan Virata, Inc. v. Texas Instruments, Inc., C.A. No. 03-2854 (GEB), 2005 WL 1638136, at *4 (D.N.J. July 11, 2005)(citation and quotation omitted). There, the Court reiterated that "scheduling orders are the heart of the Case Management [and cannot] be flouted."

    Based on the history of the case, the Court has no doubt that if 7-Eleven exercised reasonable diligence it would have completed all of its depositions before July 31, 2015. 7-Eleven has had at least 17 months to take fact discovery. The remaining witnesses and parties 7-Eleven wants to depose were known years ago. 7-Eleven did not have to wait until the eve of the latest discovery deadline to take their depositions. The Court has no sympathy for 7-Eleven's argument that defendants recently cancelled scheduled depositions. Like defendants, 7-Eleven has cancelled numerous scheduled depositions. Further, despite the Court's efforts to assist the parties to schedule depositions, the parties still could not agree on dates. If the parties cooperated surely this would have been done. Most importantly, however, is the fact that 7-Eleven had 17 months to take

depositions and it waited to the last minute to cram them all in.

7-Eleven wants more time to take the depositions of John Spavlik and Deborah Kish, former employees, plaintiffs Sam Younes and Tamar Atalla in Younes (C.A. No. 13-3500), and Kunal Sodhi, the son of defendant Karamjeet Sodhi. Spavlik, Kish, Younes and Atalla are key witnesses in the case. Why 7-Eleven waited until the end of fact discovery to cram in these depositions is beyond the ken of the Court. 7-Eleven knew long ago that Spavlik and Kish were two of defendants' key witnesses. In fact, 7-Eleven describes these witnesses as "essential." Certification of Susan V. Metcalfe, ¶6 ("Mr. Spavlik and Ms. Kish are essential witnesses for 7-Eleven to depose."). 7-Eleven also knew long ago that named parties were going to be deposed. 7-Eleven foists blame on the Marks & Klein law firm because their schedule is "booked" for July. 7-Eleven does not explain why it did not take the requested depositions months earlier, and why Court Ordered deposition dates were cavalierly ignored.[2] See n.3, infra.

Based on past experience in these related cases, the Court has no confidence that if it extends the discovery deadline yet again 7-Eleven would meet the new deadline. Time and time again the parties have missed deadlines and asked for extensions of

---

[2] Spavlik's deposition was apparently started and 7-Eleven wants it to "conclude."

7

time with assurances that everything would be done. Most recently, 7-Eleven was advised on June 16, 2015 that the fact discovery deadline would not be extended past July 31, 2015. Instead of immediately taking key depositions, 7-Eleven crammed depositions into the end of July. No doubt 7-Eleven will blame other parties and conjure up excuses for why depositions were not taken earlier. However, having heard innumerable excuses for scheduling problems throughout the course of these cases, the Court is numb to the parties' excuses.[3] Most recently Ms. Metcalfe was ill. Surely this is a good reason why she could not take depositions. However, the illness does not explain why Metcalfe's two partners on the case, or another of the competent attorneys working on the case, could not take the requested depositions. This is especially true in view of the fact that early Court Ordered dates were ignored and the Court advised the parties that no further extensions of time would be granted.

The parties have until July 31, 2015, to take depositions so there is still time to complete what 7-Eleven wants to get done. If 7-Eleven does not have enough time to take its depositions it has itself to blame. There was nothing to prevent 7-Eleven from taking key depositions long ago. Enough is enough;

---

[3] The Court could write a treatise on the parties' discovery transgressions in the case but instead will only provide one example. On May 20, 2015 [Doc. No. 383] the Court Ordered the requested depositions to be taken on firm dates (Spavlik – June 9; Kish – May 27; S. Younes – June 18; T. Atalla – June 24; K. Sodhi – June 5). Despite being Court Ordered, and despite not obtaining leave of Court, the depositions were not completed. The Court will not grant 7-Eleven an extension of time to take depositions that were not completed or even started even though they were Court Ordered on a date certain.

no further extensions of time will be granted. The Court unequivocally finds that if 7-Eleven had exercised reasonable diligence the remaining depositions it wants to take would have already been taken.

Conclusion

Accordingly, for the foregoing reasons, it is hereby ORDERED this 22nd day of July, 2015, that 7-Eleven's motion to extend the close of fact discovery is DENIED.

s/Joel Schneider<br>
JOEL SCHNEIDER<br>
United States Magistrate Judge

9